## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DIANA MEY, individually and on behalf of class of all persons and entities similarly situated, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| NORTH AMERICAN BANCARD, LLC, | |
| Defendant. | |

Varnum LLP
Perrin Rynders (P38221)
Attorneys for Plaintiff
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff Diana Mey brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.     Defendant North American Bancard, LLC violated the TCPA when it placed a computer-dialed telemarketing call to Ms. Mey's cellular telephone without her prior express consent.

3.     Because the call was transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Mey brings this action on behalf of a proposed nationwide class of persons who similarly received illegal telemarketing calls from the Defendant.

4.     A class action is the best means of obtaining redress for the Defendant's widescale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.     Plaintiff Diana Mey is a resident of the State of West Virginia.

6.     Defendant North American Bancard, LLC is a merchant services provider and is a registered independent sales organization of Wells Fargo Bank, N.A. It is headquartered in Michigan and does business in this district.

**Jurisdiction & Venue**

7.     The Court has federal question subject matter jurisdiction over these TCPA claims.

8.     Venue is proper because the Defendant is a resident of this district, and it is from this district that the solicitation telemarketing calls were made.

**TCPA Background**

9.     Congress enacted the TCPA twenty-three years ago to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, or "robocalls", and found:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* §§ 2(10), (12); *see also Mims*, 132 S. Ct. at 745.

11.     The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

12.     The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

## Factual Allegations

13.     On January 21, 2014, Ms. Mey received a call on her cellular telephone from a representative of North American Bancard.

14.     At the time (and currently), Ms. Mey's cellular telephone number was listed on the national Do Not Call Registry, a national database established through TCPA regulations that permits consumers to effectively opt-out of receiving any telemarketing calls.

15.     The number displayed on Ms. Mey's caller ID was 248-283-6044.

16.     When the call connected, there was an audible click from the receiver. After a significant pause, the calling party identified itself as calling from North American Bancard.

17.     The facts in the preceding paragraph indicate the call was placed through an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1).

18.     During the call, the sales representative who spoke with Ms. Mey asked her to sign up for North American Bancard's credit card merchant-processing service.

19.     Ms. Mey asked the representative where he obtained her phone number. The representative stated he was calling from a call center where North American Bancard provided him a calling list to solicit new customers.

20.     Ms. Mey is not a customer of North American Bancard, and has not provided it with her information or cellular telephone number.

21.     Since at least October of 2013, North American Bancard has received complaints about illegal telemarketing calls from the same number displayed on Ms. Mey's caller ID, and North American Bancard has failed to take adequate steps to end this illegal telemarketing. *See http://800notes.com/Phone.aspx/1-248-283-6044* (last visited March 10, 2014).

## Class Action Allegations

22.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

23.     The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States who North American Bancard or its agents called on a cellular telephone line by the use of an automatic telephone dialing system, and whom North American Bancard does not have evidence of prior express consent of the called party.

24.    The class defined above is identifiable through phone records and phone number databases.

25.    The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

26.    Plaintiff is a member of the proposed class.

27.    There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

  a.  Whether North American Bancard violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

  b.  Whether North American Bancard used an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

  c.  Whether North American Bancard placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

  d.  Whether Plaintiff and class members are entitled to statutory damages as a result of North American Bancard's actions.

28.    Plaintiff's claims are typical of the claims of class members.

29.    Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and

adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

30.    The actions of North American Bancard are generally applicable to the class as a whole and to Plaintiff.

31.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by North American Bancard and/or its agents.

32.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

33.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims
### Count One:
### Violation of the TCPA's provisions prohibiting
### autodialer and prerecorded message calls to cell phones

34.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35.    North American Bancard violated the TCPA (a) by initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, and (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

36.    North American Bancard's violations were negligent and/or knowing.

## Count Two:
## Injunctive relief to bar future TCPA violations

37.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38.    The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

39.    Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For herself and all class members, Plaintiff requests the following relief:

1.    That North American Bancard be restrained from engaging in future telemarketing in violation of the TCPA.

2.     That North American Bancard, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.     That the Court certify the claims of Plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4.     That Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5.     That Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

VARNUM

Co-Counsel for Plaintiff


Dated: March 31, 2014          By:_____/s/ Perrin Rynders_____
                                         Perrin Rynders (P38221)
                               Business Address, Telephone, and E-mail:
                                         P.O. Box 352
                                         Grand Rapids, MI  49501-0352
                                         (616) 336-6000
                                         prynders@varnumlaw.com

and

BAILEY & GLASSER LLP
Co-Counsel for Plaintiff
John W. Barrett (subject to pro hac vice admission)
Jonathan Marshall (subject to pro hac vice admission)
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com


BRODERICK LAW, P.C.
Co-Counsel for Plaintiff
Edward A. Broderick (subject to pro hac vice admission)
Anthony Paronich (subject to pro hac vice admission)
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
Anthony@broderick-law.com


THE LAW OFFICE OF MATTHEW P. MCCUE
Co-Counsel for Plaintiff
Matthew P. McCue, Esq. (subject to pro hac vice admission)
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
mmccue@massattorney.net

7731191_1.DOCX