# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff,

   v.

NORTH AMERICAN BANCARD,
LLC,

        Defendant.

Case No. 2:14-cv-11331-DPH-MJH

Hon. Denise Page Hood
Mag. J. Michael H. Hluchaniuk

| | |
|---|---|
| VARNUM LLP<br>Perrin Rynders (P38221)<br>prynders@varnumlaw.com<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>Attorneys for Plaintiff | HONIGMAN MILLER SCHWARTZ<br>AND COHN LLP<br>Roger P. Meyers (P73255)<br>rmeyers@honigman.com<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>(313) 465-7468<br><br>SEYFARTH SHAW LLP<br>Scott M. Pearson (Cal. 173880)<br>spearson@seyfarth.com<br>Joseph A. Escarez (Cal. 266644)<br>jescarez@seyfarth.com<br>Carrie P. Price (Cal. 292161)<br>cprice@seyfarth.com<br>*Admitted to Practice in the E.D. of Michigan*<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA  90067-3021<br>(310) 277-7200<br>Attorneys for Defendant |

## NOTICE OF MOTION AND MOTION TO DISMISS

Defendant North American Bancard, LLC ("NAB") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), for an Order dismissing all claims alleged in the Complaint filed by plaintiff Diana Mey ("Mey"), as follows:

This motion is made on the grounds that this Court lacks subject matter jurisdiction over this action because NAB's Rule 68 Offer of Judgment of complete relief renders Mey's individual claims moot.  Under Sixth Circuit precedent, this Court must enter judgment in Mey's favor, in accordance with NAB's Rule 68 offer.  Furthermore, because no class has been certified and Mey's individual claims are moot, the putative class claims must be dismissed without prejudice.

Pursuant to Local Rule 7.1(a), in a telephone conference on May 20, 2014, counsel for NAB sought concurrence from Mey's counsel, in which NAB explained the nature of the motion and its legal basis.  NAB requested but did not obtain the concurrence sought.

The Motion is based upon this Notice, the Brief in Support of the Motion, the Declaration of Scott M. Pearson and the exhibits thereto, the Court's record in this matter and the arguments of counsel.

/ / /

/ / /

17142985v.3

DATED:  May 28, 2014                     Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By: */s/ Scott M. Pearson*
                                             Scott M. Pearson, Cal. 173880
                                             spearson@seyfarth.com


                                         SEYFARTH SHAW LLP
                                         Scott M. Pearson (Cal. 173880)
                                         spearson@seyfarth.com
                                         Joseph A. Escarez (Cal. 266644)
                                         jescarez@seyfarth.com
                                         Carrie P. Price (Cal. 292161)
                                         cprice@seyfarth.com
                                         *Admitted to Practice in the E.D. of Michigan*
                                         2029 Century Park East, Suite 3500
                                         Los Angeles, CA  90067-3021
                                         Telephone: (310) 277-7200
                                         Facsimile: (310) 201-5219

                                         HONIGMAN MILLER SCHWARTZ
                                         AND COHN LLP
                                         Roger P. Meyers (P73255)
                                         rmeyers@honigman.com
                                         2290 First National Building
                                         660 Woodward Avenue
                                         Detroit, MI  48226
                                         Telephone: (313) 465-7468
                                         Facsimile: (313) 465-7469

                                         Attorneys for Defendant
                                         NORTH AMERICAN BANCARD, LLC

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff,

    v.

NORTH AMERICAN BANCARD,
LLC,

        Defendant.

Case No. 2:14-cv-11331-DPH-MJH

Hon. Denise Page Hood
Mag. J. Michael H. Hluchaniuk

---

VARNUM LLP
Perrin Rynders (P38221)
prynders@varnumlaw.com
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
Attorneys for Plaintiff

HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Roger P. Meyers (P73255)
rmeyers@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7468

SEYFARTH SHAW LLP
Scott M. Pearson (Cal. 173880)
spearson@seyfarth.com
Joseph A. Escarez (Cal. 266644)
jescarez@seyfarth.com
Carrie P. Price (Cal. 292161)
cprice@seyfarth.com
*Admitted to Practice in the E.D. of Michigan*
2029 Century Park East, Suite 3500
Los Angeles, CA  90067-3021
(310) 277-7200
Attorneys for Defendant

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      <u>ISSUE PRESENTED</u> ................................................................... 1

II.     <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u> ................ 2

III.    <u>INTRODUCTION</u> ..................................................................... 3

IV.     <u>SUMMARY OF RELEVANT FACTS</u> ........................................... 3

V.      <u>ARGUMENT</u> ........................................................................... 5

      A.      JUDGMENT MUST BE ENTERED ON MEY'S INDIVIDUAL CLAIMS BECAUSE THE OFFER RENDERS THEM MOOT. ....... 5

      B.      BECAUSE NO CLASS HAS BEEN CERTIFIED AND MEY'S INDIVIDUAL CLAIMS ARE MOOT, THE PUTATIVE CLASS CLAIMS MUST BE DISMISSED WITHOUT PREJUDICE. ........... 7

VI.     <u>CONCLUSION</u> .......................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Am. Express Co. v. Italian Colors Rest.,
 133 S. Ct. 2304, 186 L. Ed. 2d 417 (2013)........................................9

AT&T Mobility LLC v. Concepcion,
 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011)........................................9

Barcey v. Family Video Movie Club, Inc.,
 13-10242, 2013 WL 3271036 (E.D. Mich. June 27, 2013)............................6, 7

Board of Sch. Comm'rs v. Jacobs,
 420 U.S. 128, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975) ........................................7

Brunet v. City of Columbus,
 1 F.3d 390 (6th Cir. 1993)........................................2, 7

Carroll v. United Compucred Collections, Inc.,
 399 F.3d 620 (6th Cir. 2004)........................................7, 10

Damasco v. Clearwire Corp.,
 662 F.3d 891 (7th Cir. 2011)........................................4, 6, 8

DeFunis v. Odegaard,
 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974) ........................................5, 6

Genesis Healthcare Corp. v. Smyczyk,
 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013)........................................ *passim*

Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,
 258 F. Supp. 2d 157 (E.D.N.Y. 2003)........................................6

Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC,
 No. 13-13553, 2014 WL 354674 (E.D. Mich. Jan. 21, 2014)........................................7

Lewis v. Continental Bank Corp.,
 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) ........................................6

Local Baking Prods., Inc. v. Kosher Bagel Munch, Inc.,
 421 N.J. Super. 268, 23 A.3d 469 (N.J. Super. Ct. App. Div. 2011)........................................9

17152091v.8

Lucero v. Bureau of Collection Recovery, Inc.,
  639 F.3d 1239 (10th Cir. 2011) ........................................................................8

O'Brien v. Ed Donnelley Enters. Inc.,
  575 F.3d 567 (6th Cir. 2009) ........................................................................2, 6

Pitts v. Terrible Herbst, Inc.,
  653 F.3d 1081 (9th Cir. 2011) ........................................................................8

Sandoz v. Cingular Wireless, LLC,
  553 F.3d 913 (5th Cir. 2008) ........................................................................8

Smith v. Bayer Corp.,
  131 S. Ct. 2368, 180 L. Ed. 2d 341 (2011) ..................................................10

Spencer v. Kemna,
  523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) ....................................6

Standard Fire Ins. Co. v. Knowles,
  133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013) ..................................................10

Valentine v. Check Plus Sys., L.P.,
  No. 5:09CV1987, 2010 WL 2572845 (N.D. Ohio June 30, 2010) ....................6

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(1) ......................................................2, 11

Federal Rule of Civil Procedure 68 ............................................................ passim

United States Constitution article III, § 2 .................................................. passim

17152091v.8

# I.      ISSUE PRESENTED

Whether this action has been mooted by defendant North American Bancard, LLC's Rule 68 Offer of Judgment, which completely satisfies plaintiff Diana Mey's individual claims, where no class has been certified and no motion for class certification is pending, such that judgment should be entered in Plaintiff's favor and the putative class claims should be dismissed without prejudice?

17152091v.8

## II.    <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 68

United States Constitution article III, § 2

<u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1532, 185 L. Ed. 2d 636 (2013)

<u>O'Brien v. Ed Donnelley Enters. Inc.</u>, 575 F.3d 567, 575 (6th Cir. 2009)

<u>Brunet v. City of Columbus</u>, 1 F.3d 390 (6th Cir. 1993)

### III. INTRODUCTION

It is fundamental that federal courts have subject matter jurisdiction only over "cases" and "controversies," that is, live disputes between parties. When there is no dispute, or when a dispute goes away in the middle of a case, the court has no jurisdiction and the case must be dismissed.

On May 7, 2014, defendant North American Bancard, LLC ("NAB") made an Offer of Judgment (the "Offer") pursuant to Federal Rule of Civil Procedure 68, offering plaintiff Diana Mey ("Mey") all of the relief she seeks for herself in this action. Mey rejected the Offer on May 13, 2014, claiming the right to pursue claims on behalf of a putative nationwide class. However, it is well-established that the Offer eliminates any basis for continuing federal jurisdiction over this action. Indeed, recent United States Supreme Court decisions make clear that Mey has no right or legally cognizable interest in bringing a class action, and that this case therefore must come to an end. NAB therefore respectfully requests that this Court enter judgment in favor of Mey on her individual claims, and that the putative class claims be dismissed without prejudice.

### IV. SUMMARY OF RELEVANT FACTS

Mey is a professional plaintiff who is pursuing claims against numerous companies under the Telephone Consumer Protection Act ("TCPA"). See http://www.dianamey.com (last visited May 26, 2014). On March 31, 2014, she

17152091v.8

filed this action against NAB, alleging that NAB violated the TCPA by placing "a computer-dialed telemarketing call to [her] cellular telephone without her prior express consent." See Complaint, ¶ 2.[1]  Purportedly on behalf of a nationwide class of persons who allegedly received similar calls, Mey seeks an injunction restraining [NAB] "from engaging in future telemarketing in violation of the TCPA," "statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation," and "other relief that is just an equitable under the circumstances." See Complaint at 8-9.

Concurrently with the Complaint, before NAB had been served, Mey filed a Motion for Class Certification and to Stay Briefing Pending Completion of Discovery (the "Certification Motion").  The purpose of the Certification Motion was to attempt to "prevent Plaintiff from being 'picked off' through a Rule 68 offer of judgment or individual settlement offer" under Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011).  See Certification Motion, Dkt. #5, ¶ 4.  The Court denied the Certification Motion without prejudice by Order dated April 3, 2014. Dkt. # 7.

On May 7, 2014, NAB served Mey with the Offer.   See Declaration of Scott M. Pearson ("Pearson Decl."), ¶ 2 & Ex. A.  The Offer would completely satisfy

---

[1] Mey filed an identical complaint in the Northern District of West Virginia on February 19, 2014, but dismissed that case without ever serving the summons and complaint on NAB.

Mey's individual claims and provide all of the relief she seeks for herself in the Complaint.  Specifically, it offers to pay her $1,500 for the call alleged in the Complaint and another $1,500 each for any other calls made by NAB and received by Mey in violation of the TCPA, the "accrued costs and expenses of this action," "reasonable attorneys' fees in an amount to be determined by the Court," and "entry of a stipulated injunction against [NAB] as requested in the Class Action Complaint."  See id., Ex. A, passim.  It also commits NAB to "implement and enforce internal compliance procedures to prevent future TCPA violations by NAB with regard to telemarketing calls," and "to provide Mey or any other eligible person or entity to whom this offer is extended, with any other relief which this Court determines is necessary to fully satisfy all of Mey's individual claims in this action, or similar claims of any other person or entity to whom this offer is extended."  Id.

By letter dated May 13, 2014, Mey rejected the Offer.  See Pearson Decl., ¶ 3 & Ex. B.  NAB now moves to dismiss.

## V.    ARGUMENT

## A.    JUDGMENT MUST BE ENTERED ON MEY'S INDIVIDUAL CLAIMS BECAUSE THE OFFER RENDERS THEM MOOT.

Article III of the U.S. Constitution limits a federal court's subject matter jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2; DeFunis v.

<u>Odegaard</u>, 416 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974). "The case-or-controversy requirement demands that parties must continue to have a 'personal stake in the outcome' of the lawsuit." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). When "the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and the plaintiff who refuses to acknowledge this loses outright . . . because he has no remaining stake." <u>Barcey v. Family Video Movie Club, Inc.</u>, 13-10242, 2013 WL 3271036, at *2 (E.D. Mich. June 27, 2013) (quoting <u>Damasco</u>, 662 F.3d at 895).

        In the Sixth Circuit, "an offer of judgment that satisfies a plaintiff's entire demand moots the case," and the Court must enter judgment in plaintiff's favor, in accordance with the defendant's Rule 68 offer. <u>See</u> <u>O'Brien v. Ed Donnelley Enters. Inc.</u>, 575 F.3d 567, 575 (6th Cir. 2009); <u>see also</u> <u>Valentine v. Check Plus Sys., L.P.</u>, No. 5:09CV1987, 2010 WL 2572845, at *3 (N.D. Ohio June 30, 2010) ("[W]hen a defendant offers all that a plaintiff could hope to recover through the litigation, there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has satisfied.") (quoting <u>Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP</u>, 258 F. Supp. 2d 157, 160-61 (E.D.N.Y. 2003)).

Here, Mey's complaint demands injunctive relief "restraining NAB from engaging in future violations of the TCPA," as well as statutory damages of "$500 for each negligent violation of the TCPA, and $1,500 for each knowing violation." See Complaint at 8-9.  In the Offer, NAB has fully satisfied these demands, providing Mey with the injunctive relief she requests, the maximum amount of per-violation statutory damages, and reasonable costs and attorneys' fees.  See Pearson Decl., Ex. A.  This is complete individual relief that moots her claims, so judgment must enter.  See Barcey, 2013 WL 3271036, at *1.

**B.     BECAUSE NO CLASS HAS BEEN CERTIFIED AND MEY'S INDIVIDUAL CLAIMS ARE MOOT, THE PUTATIVE CLASS CLAIMS MUST BE DISMISSED WITHOUT PREJUDICE.**

When a putative class representative's claims become moot before class certification, "dismissal of the action is required" because the court lacks subject matter jurisdiction.  See Brunet v. City of Columbus, 1 F.3d 390, 399 (6th Cir. 1993) (citing Board of Sch. Comm'rs v. Jacobs, 420 U.S. 128, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975)); Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC, No. 13-13553, 2014 WL 354674, at *5-6 (E.D. Mich. Jan. 21, 2014); but see Carroll v. United Compucred Collections, Inc., 399 F.3d 620, 622, 624-25 (6th Cir. 2004) (holding that Rule 68 offer did not moot case when class certification motion had been pending for nearly three years and

magistrate judge had recommended that a class be certified, and where the offer

included classwide relief and was accepted by the plaintiff on behalf of the putative

class subject to class certification being granted).[2]

Although there are cases suggesting that public policy or the pendency of a

class certification motion should prevent a case from becoming moot in this

fashion, recent decisions by the United States Supreme Court make clear that those

cases are wrongly decided and no longer good law.  Most importantly, the

Supreme Court affirmed the foregoing rule just last year in Genesis Healthcare

Corp. v. Smyczyk, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013).  In that case, the

Court explained that "Article III requires a plaintiff to possess a cognizable legal

interest, or personal stake, in the outcome of the action in order to invoke federal

court jurisdiction" and that this personal stake must exist "at all stages of review,

not merely at the time the complaint is filed."  Genesis Healthcare, 133 S. Ct. at

1528.  "If an intervening circumstance deprives the plaintiff of a personal stake in

the outcome of the lawsuit, at any point during the litigation, the action can no

longer proceed and must be dismissed as moot."  Id.  Contrary to the suggestion of

---

[2] Although their decisions are not binding here and they conflict with recent
Supreme Court precedent discussed below, other circuits have held that offers of
judgment may not be used to moot putative class actions.  See, e.g., Sandoz v.
Cingular Wireless, LLC, 553 F.3d 913, 920-21 (5th Cir. 2008); Pitts v. Terrible
Herbst, Inc., 653 F.3d 1081, 1090-91 (9th Cir. 2011); Lucero v. Bureau of
Collection Recovery, Inc., 639 F.3d 1239, 1250 (10th Cir. 2011); see also
Damasco, 662 F.3d at 896 (suggesting that filing of certification motion with
complaint would prevent mootness).

8

17152091v.8

some lower courts that named plaintiffs have a legally cognizable interest in

seeking to represent a class, the Court squarely rejected this concept, stating that a

named plaintiff "has no personal interest in representing putative, unnamed

claimants, nor any other continuing interest that would preserve her suit from

mootness." Id.  The Court went on to reject the public policy rationale behind

some courts' holdings that defendants should not be allowed to "pick off" class

representatives:

> While settlement may have the collateral effect of foreclosing
> unjoined claimants from having their rights vindicated in *respondent's*
> suit, such putative plaintiffs remain free to vindicate their rights in
> their own suits.  They are no less able to have their claims settled or
> adjudicated following respondent's suit than if her suit had never been
> filed at all.

Id. at 1531; see also Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304,

2309, 186 L. Ed. 2d 417 (2013) (rejecting notion that class actions are essential for

the vindication of statutory rights); AT&T Mobility LLC v. Concepcion, 131 S. Ct.

1740, 1752, 179 L. Ed. 2d 742 (2011) (noting countervailing policy that that class

actions can unfairly force defendants to settle "questionable claims").[3]  Thus, under

Article III, it does not matter when or even if a motion for class certification has

been filed, so long as no class has been certified.  Genesis Healthcare, 133 S. Ct. at

---

[3] Even if the Supreme Court had not rejected the public policy of promoting class
actions as a means of vindicating small claims, the TCPA's powerful remedies are
sufficient to incentivize individuals to bring their own lawsuits.  See, e.g., Local
Baking Prods., Inc. v. Kosher Bagel Munch, Inc., 421 N.J. Super. 268, 280-81, 23
A.3d 469 (N.J. Super. Ct. App. Div. 2011).

1525, 1532; see also Smith v. Bayer Corp., 131 S. Ct. 2368, 2379, 180 L. Ed. 2d

341 (2011) (before a class has been certified, putative class members are not

parties); Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1346, 185 L. Ed. 2d

439 (2013) (putative class members not bound by case outcome unless a class has

been certified).

   Here, no class has been certified.  Accordingly, under Genesis Healthcare,

this Court has no subject matter jurisdiction and the putative class claims should be

dismissed without prejudice.  Indeed, even if Carroll applied here and the

pendency of a certification motion was relevant, the Certification Motion was

denied so the same result is required.

//

//

//

//

//

//

//

//

//

//

10

## VI.   <u>CONCLUSION</u>

NAB's Rule 68 offer of judgment completely satisfied Mey's individual claims before class certification.  As a result, Mey no longer has a personal stake in the outcome of this litigation, and there is no case or controversy for this Court to adjudicate.  NAB therefore respectfully requests that the Court grant this Motion, enter judgment in favor of Mey on her individual claims, and dismiss the putative class claims without prejudice pursuant to Rule 12(b)(1).


Dated:  May 28, 2014                      Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:   */s/ Scott M. Pearson*
                                                Scott M. Pearson, Cal. 173880
                                                spearson@seyfarth.com

                                          SEYFARTH SHAW LLP
                                          Scott M. Pearson (Cal. 173880)
                                          spearson@seyfarth.com
                                          Joseph A. Escarez (Cal. 266644)
                                          jescarez@seyfarth.com
                                          Carrie P. Price (Cal. 292161)
                                          cprice@seyfarth.com
                                          *Admitted to Practice in the E.D. of Michigan*
                                          2029 Century Park East, Suite 3500
                                          Los Angeles, CA  90067-3021
                                          Telephone: (310) 277-7200
                                          Facsimile: (310) 201-5219

11

HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Roger P. Meyers (P73255)
rmeyers@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7468
Facsimile: (313) 465-7469

Attorneys for Defendant,
NORTH AMERICAN BANCARD, LLC

12

17152091v.8

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Roger P. Meyers
Honigman Miller Schwartz and Cohn LLP
2290 National Building
660 Woodward Avenue
Detroit, MI 48226-3506
rmeyers@honigman.com

Perrin Rynders
Varnum LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
prynders@varnumlaw.com

/s/ Scott M. Pearson
Scott M. Pearson, Cal. 173880

SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, CA  90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
spearson@seyfarth.com
*Admitted to Practice in the E.D. of Michigan*

17152091v.8