UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA MEY,

    Plaintiff,

                                          CASE NO. 14-CV-11331
v.                                      HON. DENISE PAGE HOOD

NORTH AMERICAN BANCARD, LLC,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND TO ENTER JUDGMENT ON PLAINTIFF'S INDIVIDUAL CLAIM,
ORDER MOOTING MOTIONS FOR PROTECTIVE ORDER STAYING
DISCOVERY AND TO COMPEL DISCOVERY RESPONSES
AND ORDER CLOSING ACTION**

**I.    BACKGROUND/FACTS**

On March 31, 2014, Plaintiff filed a proposed Class Action Complaint against Defendant. Plaintiff also filed contemporaneously Motions to Certify Class and Stay Briefing Pending Completion of Discovery, which the Court denied as premature in an April 3, 2014 Order since Defendant had yet to be served and no scheduling order had been entered.

In lieu of an Answer, Defendant filed the instant Motion to Dismiss on May 28, 2014 under Rule 12(b)(1) of the Rules of Civil Procedure asserting that the Court lacks subject matter jurisdiction over the class action since Defendant submitted a

Rule 68 Offer of Judgment which renders Plaintiff's class action claims moot. On May 7, 2014, Defendant submitted its Rule 68 Offer of Judgment to Plaintiff's counsel. (Doc. No. 11, Ex. A) Plaintiff rejected the offer on May 13, 2014. (Doc. No. 11, Ex. B) Defendant claims that its Rule 68 offer gave Plaintiff all the relief she sought in her Complaint. Defendant seeks a judgment in favor of Plaintiff based on the Rule 68 offer as to Plaintiff's individual claim. Plaintiff admits that the offer gives her the relief sought, but dismissal of the class action is not appropriate.

## II. ANALYSIS

Rule 12(b)(1) provides that a defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III of the Constitution requires an actual ongoing controversy at all stages of federal court proceedings. *Burke v. Barnes,* 479 U.S. 361, 363 (1987). The Supreme Court determined that a Rule 68 offer of judgment that satisfies a named plaintiff's requested relief prior to the certification of a motion moots the plaintiff's claims for lack of a "live" case or controversy. *Genesis Healthcare Corporation v. Symczyk,* 133 S.Ct. 1523 (2013).

In this case, Defendant submitted a Rule 68 offer of judgment which, as Plaintiff admits, satisfies Plaintiff's requested relief. Defendant argues that since Plaintiff no longer has an interest in the lawsuit, the class action case must be dismissed as moot. Plaintiff responds that *Genesis* is distinguishable in that the case

involved claims under the Fair Labor Standards Act of 1983 ("FLSA"), 28 U.S.C. § 201, and not a class action lawsuit under Rule 23 of the Rules of Civil Procedure. Plaintiff also claims that it has filed a motion for certification of class action, which it asserts is still pending before the Court. However, as noted above, the Court entered an order denying the motion for class certification since at the time the motion was filed (contemporaneously with the Complaint), Defendant had not been served. No motion for reconsideration was filed after the issuance of that order.

In *Genesis*, the Supreme Court reinstated the district court's decision dismissing the action for lack of subject matter jurisdiction based on the defendant's Rule 68 offer of judgment, finding that the offer resolved completely the plaintiff's individual claim. The Supreme Court held that "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in the action." *Genesis*, 133 S.Ct. at 1529. The mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied. *Id.* The Supreme Court limited its ruling to collective actions under FLSA noting that Rule 23 class actions are "fundamentally different from collection actions under FLSA." *Id.*

The Sixth Circuit has addressed a Rule 68 offer of judgment in the context of a Rule 23 class action lawsuit. In *Brunet v. City of Columbus,* 1 F.3d 390, 399 (6th

3

Cir. 1993), the Sixth Circuit held that a settlement of a plaintiff's claim moots an action. Where the named-plaintiff's claim becomes moot *before* certification, dismissal of the action is required. *Id.* An unaccepted Rule 68 offer of judgment also moots the class action suit. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 574 (6th Cir. 2009). However, instead of dismissing the Rule 68 unaccepted offer case as moot, the better approach is to enter a judgment in favor of the named-plaintiff in accordance with the Rule 68 offer of judgment. *Id.* at 574-75.

In this case, Plaintiff filed a motion for class certification simultaneously with her Complaint, but prior to serving Defendant and prior to any scheduling conference with the Court. Courts have held that the court need not hold in abeyance a class certification motion which the plaintiff intentionally filed prematurely. Courts typically dismiss premature motions. *See, Beaudry v. Telecheck Serv., Inc.,* 2010 WL 2901781, at *2 (W.D. Tenn. July 20, 2010). Plaintiff argues that without a pending class certification motion on the docket, the defendant, as in this case, would be able to frustrate the class-action process by settling with the named-plaintiff or by making a Rule 68 offer of judgment which would moot the individual claim. *Id.* Courts, however, have rejected a "placeholder" motion for class certification. *Id.*

Plaintiff claims that its motion for class certification filed with her Complaint precludes the mootness of the class action citing *Carroll v. United Compucred*

4

*Collections, Inc.,* 399 F.3d 620 (6th Cir. 2005). This Court finds *Carroll* distinguishable. In *Carroll*, the motion for class certification was filed in April 2000, which was referred to the magistrate judge, who issued a recommendation two years later in November 2002 to certify the class. *Id.* at 622. Three months after the issuance of the recommendation, the defendant submitted a Rule 68 offer of judgment to the named-plaintiffs and the class members, which was accepted by the named-plaintiffs on behalf of themselves and the class members in January 2003. *Id.* at 622, 625. The Sixth Circuit denied defendant's motion to dismiss the plaintiffs' class action complaint as moot because the motion to certify had been fully briefed, the magistrate judge had recommended the class certified, and the offer of judgment was made to both the named-plaintiffs and the class members. *Id.* at 625 ("Under these circumstances, we conclude that the district court properly denied United's motion to dismiss the complaint as moot, and find that denial of that motion was wholly consistent with the position taken by this court in *Brunet*.").

Here, the offer of judgment was made prior to a scheduling conference with the Court, prior to any discovery on the class action issues, and prior to the discovery and full briefing of the motion to certify the class. Although not addressed in the *Carroll* opinion, it appears discovery was well underway in that case, at least as to the class action certification issues, because factual findings by a court must be made in a Rule

23 class action certification motion. More than two years had passed from the filing of the motion for certification in April 2000 and the issuance of the report and recommendation in November 2002. In this case, the Rule 68 offer was made by Defendant on May 7, 2014 to Plaintiff, which was only a month after Defendant was served with the Complaint on April 7, 2014. (Doc. No. 8)

As noted by Judge Avern Cohn in his opinion in *Hanover*, although the court is cognizant that a Rule 68 offer of judgment may frustrate a Rule 23 class action, and, even though the court may disagree with the result, the court is bound by the Supreme Court's ruling in *Genesis* and the Sixth Circuit's rulings in *O'Brien* and *Brunet*. *Hanover Grove Consumer Housing Co-Operative,* 2014 WL 354674 at *7 n.3 (E.D. Mich. Jan. 31, 2014). The Court agrees with Judge Cohn that this Court is bound by the rulings of the Supreme Court and the Sixth Circuit. Defendant's request to dismiss the class action case without prejudice and for entry of judgment in favor of Plaintiff based on the Rule 68 Offer of Judgment are granted. The remaining motions are rendered moot.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED Defendant's Motion to Dismiss the Putative Class Claims without prejudice **(Doc. No. 11)** is GRANTED and Judgment is entered on Plaintiff's

individual claim pursuant to the Rule 68 Offer of Judgment.

IT IS FURTHER ORDERED that the Motion for Protective Order Staying Discovery **(Doc. No. 24)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Compel Discovery Requests **(Doc. No. 28)** is MOOT.

IT IS FURTHER ORDERED that this action is deemed CLOSED on the Court's docket.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 26, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager