# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 06, 2016

Mr. John William Barrett
Bailey & Glasser
209 Capitol Street
Charleston, WV 25301

Ms. Elanor A. Mulhern
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, PA 19103-0000

Mr. Scott M. Pearson
Ballard Spahr
2029 Century Park, E.
Suite 800
Los Angeles, CA 90067

Ms. Adina Hyman Rosenbaum
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009

Mr. Perrin Rynders
Varnum
P.O. Box 352
Grand Rapids, MI 49501

Ms. Courtney Yeakel
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street

51st Floor
Philadelphia, PA 19103-0000

        Re: Case No. 14-2574, *Diana Mey v. North American Bancard, LLC*
            Originating Case No. : 2:14-cv-11331

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

                        Sincerely yours,

                        s/Cheryl Borkowski
                        Case Manager
                        Direct Dial No. 513-564-7035

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0377n.06

Case No. 14-2574

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DIANA MEY, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 06, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN. |
| NORTH AMERICAN BANCARD, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BOGGS and MOORE, Circuit Judges; and REEVES, District Judge.[*]

BOGGS, Circuit Judge. In January 2014, North American Bancard, LLC ("NAB"), a credit-card processing company, used an automatic dialing system to make a marketing call to Diana Mey's cell-phone number, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Mey then brought a federal action against NAB, individually and on behalf of a proposed nationwide class of persons whom NAB had also autodialed without permission. The district court denied without prejudice Mey's motion for class certification, citing the need to hold a scheduling conference. NAB then made an offer of judgment to Mey, in which it agreed to pay Mey's statutory damages and consented to her demand for injunctive

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

relief. When Mey rejected the offer, NAB moved the court to enter judgment on her individual claims on the ground that the offer of judgment mooted Mey's claims. The district court agreed, entered judgment in favor of NAB on Mey's individual claims, and dismissed the class claims. Mey appealed, and we now reverse.

I

In 1991, Congress enacted the TCPA, which outlaws unsolicited telephone calls made through an "automatic telephone dialing system" to any phone number that is assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii). In order to give that prohibition effect, Congress created a private right of action and authorized statutory damages of up to $1,500 for every violation of the TCPA. *Id.* § 227(b)(3)(B)–(C). Notwithstanding the potential damages liability, NAB allegedly used an automatic system to make thousands of calls to assigned cell-phone numbers, including a January 21, 2014, call to Diana Mey. Just over two months after receiving NAB's marketing call, Mey filed this action on behalf of herself and a proposed nationwide class of persons whom NAB had autodialed without consent, alleging that NAB had violated the TCPA. The complaint sought statutory damages for each violation of the TCPA, which would amount to between $500 and $1,500 per illegal call, as well as injunctive relief in the form of an order that NAB cease making calls in violation of the TCPA.

But Mey knew that her class action faced two hurdles: Federal Rule of Civil Procedure 68 and Article III of the federal Constitution. Rule 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the opposing party accepts, "either party may then file the offer and notice of acceptance," and the "clerk must then enter judgment." *Ibid.* Rule 68 says little about the consequences of rejecting an offer of judgment, but we concluded that

Article III does. Because Article III gives federal courts authority to decide only actual controversies, a federal court must dismiss a case as moot if the claimant "loses a personal stake in the action, making it 'impossible for the court to grant any effectual relief whatever.'" *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Applying this principle, we explained that because a Rule 68 offer that "satisfies a plaintiff's entire demand" leaves no controversy for the court to resolve, an unaccepted Rule 68 offer moots the plaintiff's claim. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574–75 (6th Cir. 2009). We held that when a plaintiff refuses such a favorable settlement, district courts should "enter judgment in favor of the plaintif[f] in accordance with the defendant[']s] Rule 68 offer of judgment." *Id.* at 575.

While most plaintiffs might be thrilled to receive an offer of judgment that completely meets their demands, receiving one in this case risked dooming Mey's proposed class claims. This is because we had also held that if a lead plaintiff's claims are moot, any corresponding class claims may not proceed unless a motion for class certification was already pending (and perhaps also fully briefed) at the time that the lead plaintiff's individual claims became moot. *See Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005); *Brunet v. City of Columbus*, 1 F.3d 390, 399–400 (6th Cir. 1993). The upshot was that if NAB made Mey a Rule 68 offer of judgment before a motion for class certification was pending and briefed, there was a good chance that the district court would dismiss the class claims. Wary of this prospect, Mey filed a motion for class certification along with her complaint in an effort to prevent NAB from avoiding classwide litigation by "pick[ing] [her] off" with a Rule 68 offer of judgment.

Unfortunately for Mey, NAB did just that. The district court denied her motion for class certification as premature, citing the need to serve the defendant and "issue a discovery and

3

motion[-]filing schedule." The court instructed Mey to renew her motion after the court issued a scheduling order. But before the court issued the scheduling order, NAB made Mey a Rule 68 offer of judgment. NAB offered Mey $1,500 for the January 21, 2014, phone call mentioned in her complaint, as well as an additional $1,500 for "each and every telephone call made by NAB and received by Mey in violation of the TCPA." NAB's offer also stated that NAB would stipulate to the entry of the injunction proposed in Mey's complaint, and though the TCPA does not provide for fee shifting, NAB promised to pay Mey's attorneys' fees and costs. When Mey rejected the offer, NAB informed the district court that the offer mooted Mey's individual claims. NAB asked the court to enter judgment in favor of Mey on her individual claims in accordance with the rejected offer, and argued that the district court should dismiss the remaining class claims. The district court agreed, entered judgment in favor of Mey in accordance with the offer's terms, and dismissed the class claims. *Mey v. N. Am. Bancard, LLC*, No. 14-CV-11331, 2014 WL 6686773, at *3 (E.D. Mich. Nov. 26, 2014). This appeal followed.

II

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1). *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, 767 F.3d 554, 558 (6th Cir. 2014). Where, as here, the district court has "inquire[d] into the factual predicates for jurisdiction" to resolve a Rule 12(b)(1) motion, we review the district court's factual findings for clear error. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). On appeal, Mey argues that a Rule 68 offer of judgment does not moot an individual's claim. Mey also argues that even if her individual claims are moot, the district court should not have dismissed her class claims on the facts of this case. As we explain, because we agree with Mey on her first point, we need not address the second.

Case No. 14-2574, *Mey v. N. Am. Bancard, LLC*

A

While this appeal was pending, the Supreme Court decided *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Just as in this case, the plaintiff in *Campbell-Ewald* alleged TCPA violations and sought to represent a class of individuals illegally contacted by the defendant, which in that case was Campbell-Ewald Co. *Id.* at 667. Just as NAB, Campbell-Ewald Co. made a Rule 68 offer of judgment while no motion for class certification was pending. *Id.* at 667–68. But unlike this case, the district court held that the offer did not moot the plaintiff's individual claim. *Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011). The Ninth Circuit affirmed, as did the Supreme Court. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874–75 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016). The Supreme Court explained that "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Campbell-Ewald*, 136 S. Ct. at 670 (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting)). A plaintiff who rejects a Rule 68 offer of tender thus extinguishes the offer, leaving the parties with the "same stake in the litigation they had at the outset." *Id.* at 671.

*Campbell-Ewald* is inconsistent with our decision in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), in which we held that an unaccepted Rule 68 offer moots a plaintiff's individual claims so long as it satisfies the plaintiff's "entire demand." *Id.* at 574. In light of *Campbell-Ewald*, it is clear that the district court's decision to enter judgment for Mey was in error because the rejected offer left Mey with nothing, and thus in no way diminished her interest in litigating her claims. *See Campbell-Ewald*, 136 S. Ct. at 672.

This clear message from the Supreme Court would ordinarily make our task an easy one, as we would simply remand to the district court with instructions to allow Mey's case to proceed

5

onward. But NAB, citing language from *Campbell-Ewald*, argues that there is no need to do so because subsequent factual developments show that Mey lacks an interest in this litigation even after *Campbell-Ewald*.

In explaining its decision, the *Campbell-Ewald* Court addressed several tax cases in which the Supreme Court had held that a plaintiff's actual receipt of the amount of her asserted monetary claim would moot that claim. *See Campbell-Ewald*, 136 S. Ct. at 671–72 (citing *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308 (1893); *Little v. Bowers*, 134 U.S. 547 (1890); and *San Mateo County v. S. Pac. R.R. Co.*, 116 U.S. 138 (1885)). The *Campbell-Ewald* Court explained that "[n]one of those decisions suggests that an *unaccepted* settlement offer can put a plaintiff out of court," because they "involved actual payment of the taxes for which suit was brought. In all three cases, the . . . payments had fully satisfied the asserted tax claims, and so extinguished them." *Id.* at 671. By contrast, the *Campbell-Ewald* plaintiff "remained emptyhanded" after he rejected the defendant's settlement offer, which confirmed that the parties' controversy survived the rejected offer of judgment. *Id.* at 672. For this reason, the *Campbell-Ewald* Court expressly declined to decide "whether the result would be different if a defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enter[ed] judgment for the plaintiff in that amount." *Ibid.*

In an effort to tee up that question, NAB responded to *Campbell-Ewald* by mailing Mey's attorney a cashier's check for $4,500, apparently for three calls that NAB now believes it made to Mey. Though Mey promptly returned the check, NAB argues that because the *Campbell-Ewald* Court "drew a distinction between 'offering' funds," which does not moot a plaintiff's claim, and "tendering" funds, which does, NAB's act of sending Mey a cashier's check is a tender that moots Mey's claims.

6

Even if we assume that an unaccepted cashier's check could moot a claim, NAB has not shown that its tender satisfies Mey's demand for relief, which the tender must do if it is to moot Mey's individual claims. *See San Pablo & Tulare R.R. Co.*, 149 U.S. at 313–14. NAB now admits that it made three calls to Mey, not just the one call that NAB mentioned in its Rule 68 offer of judgment. But the district court never made any finding as to just how many calls NAB made, and NAB's recent admission to making three suggests that there may be more that Mey and NAB are not aware of. The upshot is that at this point, whether $4,500 provides Mey with all the relief she is entitled to remains unclear. That lack of clarity means that NAB cannot show that Mey has received all of the money damages she has claimed. *Cf. Keim v. ADF Midatl., LLC*, 586 F. App'x 573, 574 (11th Cir. 2014) (holding that because the "record does not show how many messages the named plaintiff received," an offer of judgment of $1,500 per message could not moot a plaintiff's claim since "there was still work to be done to get the case to the finish line"). Equally problematic is that a tender of $4,500 does nothing to satisfy Mey's request for injunctive relief.

NAB protests that the district court entered judgment in favor of Mey on the terms "set forth in the Rule 68 Offer of Judgment submitted by" NAB. In that Rule 68 offer, NAB promised to pay Mey $1,500 for every violation of the TCPA, and also agreed to stipulate to an injunction. NAB submits that together with the judgment, the cashier's check has satisfied all of Mey's demands; Mey has compensation for the three TCPA violations that the parties are aware of, and if any more come to light, Mey can obtain $1,500 for each by enforcing the district court's judgment against NAB. Presumably, the same would be true of the as-yet undefined injunction.

But NAB's argument leans too heavily on a judgment that should never have been entered. Because *Campbell-Ewald* makes clear that the district court's judgment must be vacated, NAB cannot rely on it to show that Mey no longer has a stake in the litigation. *Cf. Al-Dabagh v. Case W. Reserve Univ.*, 777 F.3d 355, 359 (6th Cir. 2015) ("[A]n appeal remains alive if the effects . . . of compliance [with a lower-court order] can be undone."). On the record before us, we cannot conclude that NAB's tender provides Mey everything that she asked for as an individual plaintiff, which means that Mey's individual claims are not moot and can proceed in the district court.

B

Our holding that NAB's tender has not mooted Mey's individual claims happens to moot the second question that Mey raises on appeal, namely, whether her class claims survive the entry of judgment of her individual claims. Applying our holdings in *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005), and *Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993), the district court reasoned that because the Rule 68 offer mooted Mey's individual claims before a motion for class certification was pending and briefed, Mey's class claims were moot as well. *Mey*, 2014 WL 6686773, at *2–3. Because *Campbell-Ewald* makes clear that the district court should not have entered judgment on Mey's individual claims, a named plaintiff remained in this action and the district court's decision to dismiss the class claims was also in error. We recognize that it is possible that subsequent developments in this litigation may lead the district court to conclude that Mey's individual claims are moot before Mey files or briefs another motion for class certification. If that happens, and if Mey or NAB appeals whatever decision the district court makes with respect to the class claims, we will have occasion to revisit the scope and applicability of *Brunet* and *Carroll* in light of our recent

8

decision in *Wilson v. Gordon*, ___ F.3d ___, No. 14-6191, 2016 WL 2957155 (6th Cir. May 23, 2016). On the facts before us, however, that dispute remains a speculative one, and we thus refrain from addressing it.

III

We hold that in light of *Campbell-Ewald*, NAB's Rule 68 offer of judgment did not moot Mey's individual claims. Because Mey continues to have an interest in litigating those claims, we VACATE the district court's entry of judgment on Mey's individual claims, VACATE its order dismissing Mey's class claims, and REMAND this case to the district court for further proceedings consistent with this opinion.